# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PIASA COMMERCIAL INTERIORS, INC.**,

**Plaintiff,**

v.

**J.P. MURRAY COMPANY, INC. d/b/a**
**MURRAY COMPANY, et al. and**
**FIDELITY AND DEPOSIT COMPANY**
**OF MARYLAND,**                                  No. 07-617-DRH

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

### I. Introduction

On August 29, 2007, Piasa Commercial Interiors, Inc., filed a three count Complaint against J.P. Murray Co. and Fidelity and Deposit Company of Maryland (F&D) to recover damages for breach of a subcontract (Count I) and breach of payment bond (Count II). In Count III, Plaintiff alleged that Defendant F&D's denial of Plaintiff's claim was not justified, was vexatious and an unreasonable delay in settling Plaintiff's claim. This matter comes before the Court on a Motion to Dismiss Count III of Plaintiff's Complaint filed by Defendant Fidelity and Deposit Company of Maryland (Doc. 20). Based on the following, the Court **GRANTS** the motion.

### II. Legal Standard

Defendant brings its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. When ruling on a motion to dismiss

for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under Federal Rule of Civil Procedure 8. Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **Fed. R. Civ. P. 8(a)(2)**. In a recent opinion issued on May 21, 2007, the Supreme Court held that Rule 8 requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly*, \_\_ U.S. \_\_, 127 S.Ct. 1955, 1974 (2007)**. In other words, the Supreme Court explained it was " a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do...." ***Id*. at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986))**. The Seventh Circuit has read the *Bell Atlantic* decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what...claim is and the grounds upon which it rests." Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court.

***E.E.O.C. v. Concentra Health Services, Inc.*, 2007 WL 2215764, 2 (7th Cir. 2007) (citations omitted)**.

### III. Analysis

Defendant F&D asserts that Plaintiff lacks standing to maintain an action against F&D under **§ 155 of the Illinois Insurance Code, 215 ILCS 5/155** (Doc. 21, p. 3). Defendant cites ***Premier Electrical Const. Co. v. American Nat. Bank of Chicago*, 658 N.E.2d 877 (Ill. App. Ct. 1995)** for its proposition that as a claimant/third party beneficiary to a Payment Bond, Plaintiff lacks standing. Plaintiff, on the other hand, argues that it does have standing as an insured. Plaintiff argues that it is a party insured rather than a third-party beneficiary based on the language of the Payment Bond, the similar treatment of owners under Performance Bonds and injured passengers under the insurer of the automobile driver, and decisions in sister states. Plaintiff argues that it is considered "Insureds" for purposes of the statute and that the decision in *Premier Electrical* goes too far and extended the decision in ***Yassin v. Certified Grocers of Illinois*, *Inc.*, 551 N.E.2d 1319 (Ill. 1990)** without any critical analysis. The Court agrees with Defendant F&D.

### A.     Motion to Dismiss

The Illinois Supreme Court has held that remedies embodied in Section 155 extend only to the party insured or policy assignees, and not to third parties. ***Yassin*, 551 N.E.2d at 1322 (citing *Stamps v. Cladwell*, 273 N.E.2d 489, 492 (Ill. App. Ct. 1971); *Loyola University Medical Center v. Med. Care HMO*, 535 N.E.2d 1125(Ill. App. Ct. 1989))**.

In *Premier Elec. Const. Co.*, a case very similar to the factual situation presented in this case, a subcontractor filed suit against a surety to recover under a labor and material payment bond after the general contractor failed to make payments for completed work. The trial court granted partial summary judgment in favor of the surety holding that the subcontractor lacked standing to bring a Section 155 claim pursuant to the Illinois Supreme Court's decision in *Yassin*. The Illinois Appellate Court affirmed based on the *Yassin* holding that Section 155 extends only to insureds and not third parties. **Premier Elec., 658 N.E.2d at 891 (quoting *Yassin*, 551 N.E.2d at 1319).**

However, Plaintiff argues that if the Illinois Supreme Court were to hear the issue, which they have not, they would find that claimants under a Payment Bond are considered insureds for purposes of Section 155. Plaintiff argues that the Payment Bond suggests that claimants are insureds. They further argue that since Performance Bound claimants (owners) are considered party insureds of Performance Bonds, then subcontractor claimants under Payment Bonds, who are in a similar position to owners, should also be considered insureds. (Doc. 30, p. 4) **(citing *Fisher v. Fidelity and Deposit Company of Maryland*, 466 N.E.2d 332 (Ill. App. Ct. 1984))**. Although in the *Fisher* case, the First District did not hear the issue of whether an owner was an insured for purposes of 215 ILCS 5/155, Plaintiff argues that the First Circuit "necessarily" found them to be insureds in order to award them attorney's fees under the predecessor of 215 ILCS 5/155.

However, under the Payment Bond, Plaintiff is never listed as an insured party. While Plaintiff, as a subcontractor, would fall within the definition of "Claimant" under paragraph 15.1 of the Payment Bond, that does not necessarily make them an insured. The only names listed on the Payment Bond were J.P. Murray Company, Inc. (the prinicpal), F&D (the surety), and Richland Memorial Hospital (the owner). The Bond does not define subcontractors as party insureds. As for the Performance Bond, the owner (in this case Richland Memorial Hospital) is listed on the cover of the contract as the obligee who is entitled to direct action from the surety. Plaintiff is not listed or defined as such an insured in the Payment Bond.

Plaintiff further analogizes its position to that of an injured passenger and persons injured on premises which clearly, under Illinois law, have a direct right of action against the Insurer of the automobile driver and the Insurer of the real property owner for medical expenses. (Doc. 30, p. 7) **(citing *Holmes v. Federal Insurance Company*, 820 N.E.2d 526 (Ill. App. Ct. 2004) (finding a suit under the medical payment provision is not a suit asking for damages under the policy) and *Garcia v. Lovellette*, 639 N.E.2d 935 (Ill. App. Ct. 1994)**. The Court disagrees with this analogy.

In *Garcia*, the 2nd District found that the passenger in an automobile was an insured under the terms of the policy because the initial terms of the policy specifically provided that the insurance covered the purchaser of the insurance, relatives, or any other person while using the car. ***Garcia*, 639 N.E.2d at 937.**

Further, the 2nd District found that *Garcia* would be considered an "insured" because the medical payment provision was not an indemnity agreement which depended on a determination of negligence of the policyholder; instead, it was a "separate agreement for direct payment to the injured passenger." **Id. at 938.** Under the medical payment provision, the provision was designed to provide prompt medical care when injury incurred, and to relieve the anxiety and physical suffering of the insured. **Id.** Such a provision, the 2nd District noted, constituted a "separate accident coverage divisible from the remainder of the policy which 'creates a direct liability to the contemplated beneficiaries.'" **Id. (citations omitted)**. In this case, however, the Payment Bond does not specifically list subcontractors as insureds entitled to direct payment. Although listed as a claimant, the Bond does not define subcontractors as party insureds. Therefore, Plaintiff is not considered insureds for purposes of Section 155 and therefore lacks standing to bring an action under Section 155.

**B.      Alternative Motion for Leave to File an Amended Complaint**

Plaintiff asks that if the Court finds that, as a payment bond claimant, Plaintiff is not an party insured for purposes of 215 ILCS 5/155, the Plaintiff asks that the Court grant it leave to file an amended complaint, alleging tort claims against Defendant F&D, including claims for punitive damages. In *Cramer v. Insurance Exchange Agency*, the Illinois Supreme Court held that 215 ILCS 5/155 did not preclude actions for common law tort, even when the statute

applied to claims that the insurer acted in bad faith or vexatiously in denying a claim. **675 N.E.2d 897 (Ill. 1996)**. 215 ILCS 5/155 does not preempt tort claims for punitive damages when the claimant is a third-party claimant and not a party insured under the policy. ***O'Neill v. Gallant Ins. Co.*, 769 N.E.2d 100 (Ill. App. Ct. 2002)**. In O'Neill, the 5th District distinguished third-party insurance claims of refusal to settle in good faith from first-party insurance claims, allowing punitive damages because of the insurer's bad faith in failing to settle the third-party claim against its insured. ***Id.* at 111**. The Court therefore **GRANTS** Plaintiff's request.

## IV. Conclusion

Therefore, the Court **GRANTS** Defendant F&D's Motion to Dismiss Count III (Doc. 20) without prejudice. Count III is hereby dismissed without prejudice. Furthermore, Plaintiff is **GRANTED** leave to amend Count III.

**IT IS SO ORDERED.**

Signed this 30th day of September, 2008.

/s/ David R Herndon

**Chief Judge
United States District Court**