IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PIASA COMMERCIAL INTERIORS, INC.,**

**Plaintiff,**

v.

**J.P. MURRAY COMPANY, INC. d/b/a
MURRAY COMPANY, FIDELITY AND
DEPOSIT COMPANY OF MARYLAND,
and PATRIOT ENGINEERING AND
ENVIRONMENTAL, INC.,**

**Defendant.**  No. 07-617-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is Plaintiff's Motion to strike Patriot Engineering's Reply in Support of its Motion for Summary Judgment (Doc. 124). Plaintiff argues that Patriot Engineering's reply should be stricken because leave of Court was not requested and the memorandum was untimely under **LOCAL RULE 7.1(c)**. Defendant Patriot Engineering has filed a response to Piasa's motion arguing that its motion was timely under **LOCAL RULE 7.1(c)** and **FEDERAL RULE OF CIVIL PROCEDURE 6(d)** (Doc. 126). The Court agrees with Defendant Patriot Engineering that its reply memorandum should not be stricken because it is timely.

**LOCAL RULE 7.1(c)** requires that "reply briefs, if any, shall be filed within ten (10) days of the service of an answering brief." However, **FEDERAL RULE OF CIVIL PROCEDURE 6(d)** allows for an additional 3 days when service is made by electronic means. *See also* **FED. R. CIV. P. 5(b)(2)(E)**. Here, Patriot Engineering's

response was filed on August 13, 2009, exactly 13 days after Plaintiff filed its response, excluding weekends. *See* **FED. R. CIV. P. 6(a)(2)** (Saturdays, Sundays, and holidays excluded when the period is less than 11 days). Therefore, Patriot's reply was timely. Further, Plaintiff is not required to seek leave of the Court under **LOCAL RULE 7.1(c)** as long as the motion is timely and within the five-page response limit. Accordingly, Plaintiff's motion to strike Patriot Engineering's reply in support of its motion for summary judgment is **DENIED** (Doc. 124).

**IT IS SO ORDERED.**

Signed this 1st day of September, 2009.

/s/      *David R Herndon*
**Chief Judge**
**United States District Court**