IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PIASA COMMERCIAL INTERIORS, INC.,

Plaintiff,

v.

J.P. MURRAY COMPANY, INC. d/b/a
MURRAY COMPANY, FIDELITY AND
DEPOSIT COMPANY OF MARYLAND, and
PATRIOT ENGINEERING AND
ENVIRONMENTAL, INC.,
Defendants.                                                    No. 07-617-DRH

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.   Introduction

Before the Court is Defendant Patriot Engineering and Environmental's
Motion for Summary judgment on Piasa Commercial Interiors' Second Amended
Complaint (Doc. 110).  Plaintiff Piasa Commercial Interiors (hereinafter "Piasa") has
filed a response to the motion (Doc. 119, 120, & 121).   Defendant Patriot
Engineering and Environmental (hereinafter "Patriot") has also filed a reply (Doc.
123).

On August 29, 2007 Plaintiff Piasa filed a Complaint against J.P. Murray
for breach of the subcontract on the construction contract for Richland Memorial
Hospital in Olney, Illinois (Doc. 2).  On July 23, 2008, Piasa filed its First Amended
Complaint which, among other things, added a claim against Patriot for negligent

representation (Doc. 51 ¶¶ 41-51 (Count IV)).[1]  Piasa alleges that if it is eventually determined in the claims between Piasa and J.P. Murray Company (hereinafter "Murray") that the spray-on fireproofing was defective then Patriot was negligent in failing to detect and report the deficiencies in fireproofing (*Id*. at ¶ 48).

Subsequently, Patriot filed a motion for summary judgment arguing that Piasa's Count IV for negligent misrepresentation is barred by the Illinois economic loss rule (Doc. 110).  In response, Piasa argues that its claim falls under the exception to the rule (Doc. 121).  Patriot has filed a reply.  Further, Patriot has filed a motion for hearing on its motion (Doc. 131).  However, having reviewed the briefings on both sides, the Court finds that a hearing is not needed and Patriot's motion for hearing (Doc. 131) is **DENIED**.   The Court, having reviewed the parties briefing and relevant exhibits, rules as follows.

## II.  __Factual Background__

Both parties agree as to the facts in this case.[2]  In April 2006, Murray Company and Richland Memorial Hospital entered into a contractor where Murray would serve as a general contractor for the construction of the Richland Memorial Hospital (Doc. 83 ¶ 6).  Subsequent to making the contract with Richland, Murray

---

[1]  Piasa subsequently filed another amended Complaint, but that Complaint only made changes to Count III of Piasa's Complaint.

[2]  Piasa initially argued in its response that there were issues of material fact which prevented this Court from entering summary judgment (See Doc. 120).  Piasa listed numerous additional facts in its response which it alleged were disputed by Patriot.  However, Patriot has filed a reply stating that, for purposes of this motion,  it accepts all of the additional facts stated in Piasa's response and argues that none of the additional facts demonstrate a genuine issue of material fact for trial.  As Patriot has accepted all of the facts, the Court does not find that any of the facts create a genuine issue of material fact.

entered into a subcontract with Piasa to install drywall frame, spray-on fireproofing, as well as acoustical and EIFS work (*Id*. at ¶¶ 5-6).  Murray also entered into a purchase order agreement with Patriot to provide inspection and testing of the fireproofing material (*Id*. at ¶¶ 9. 41; Doc. 120 Ex. C at pp. 7, 8, 9, 18, 19).  Patriot was required to test the fireproofing in accordance with project specifications/construction manual and report any deficiencies in the fireproofing to both Murray and Piasa (*Id*.; Doc. 120 Ex. A at ¶14; Doc. 120 ¶ 25, Ex. C).  Project specification and manual called for testing as the fireproofing was installed and prompt reporting of any deficiencies (Doc. 120 ¶ 22, Ex. A at ¶ 14, Ex. C).  It also called for bond tests on the fireproofing on the roof deck (*Id*. at ¶ 26, Ex. C).

Piasa installed the spray-on fireproofing in December 2006 and January 2007; afterwards, Patriot inspected the work and initially reported no deficiencies (Doc. 83 at ¶ 20, 46; Doc. 120 Ex. A at ¶¶ 5 & 8).  After the fireproofing was applied and inspected, Murray performed additional work on the roof which required foot-traffic and work on the HVAC unit, work which caused a water leak affecting the fireproofing (*Id*. at 18).  Piasa subsequently repaired the damage (*Id*. at ¶ 20).  After the work and repair work was completed, Patriot inspected the work and submitted a final inspection to Murray, which was also forwarded to Piasa, finding that Piasa's work had failed in one area (*Id*. at ¶¶ 20, 47; Doc. 120 Ex. A at ¶ 13).  Mickey Brownfield, Patriot's branch manager, performed all the fireproofing tests and he admitted that he did not test bond strength on the underside of the roof deck and had never tested the bond strength on the underside on the project (Doc. 120 ¶¶ 23,

24, Ex. B).   At a March 28, 2007 meeting, Patriot and Murray approved all fireproofing as Piasa had completed the patch work (Doc. 120 ¶¶19, 20, Ex. A at ¶¶ 9 & 10).   On April 4 and 9, 2007, Piasa demanded approval of the fireproofing from Murray; in response Murray provided Piasa with a letter and six pages of Patriot's report showing that the fireproofing had passed all of the tests.   The parts of the report which included the one deficient area was dated prior to the March 28, 2007 meeting (Doc. 120 ¶¶ 21, Ex. A ¶¶ 11-13).   Murray later terminated Piasa (*Id*. at ¶ 23).

### III.   <u>Summary Judgment Standard</u>

Summary judgment is appropriate under the **FEDERAL RULES OF CIVIL PROCEDURE** when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986).**   The movant bears the burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. *Wollin v. Gondert*, **192 F.3d 616, 621-22 (7th Cir. 1999).**   The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Inc. Co.*, **200 F.3d 1055, 1057 (7th Cir. 2000);** *Baron v. City of Highland Park*, **195 F.3d 333, 337-38 (7th Cir. 1999);** *Santaella*, **123 F.3d at 461 (citing** *Celotex*, **477 U.S. at 323);** *Regensburger v. China Adoption*

***Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).** While the Court may not "weigh evidence or engage in fact-finding" it must determine if a genuine issue remains for trial. ***See Lewis v. City of Chicago*, 496 F.3d 645, 651 (7th Cir. 2007)**.

In response to a motion for summary judgment, the non-movant may not simply rest on the allegations as stated in the pleadings; rather, the non-movant must show through specific evidence that an issue of fact remains on matters for which the non-movant bears the burden of proof at trial. ***Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994), *aff'd*, 51 F.3d 276 (citing *Celotex*, 477 U.S. at 324)**. No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**. In other words, "inferences relying on mere speculation or conjecture will not suffice." ***Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009) (citation omitted); *see also Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant].")**. Instead, the non-moving party must present "definite, competent evidence to rebut the [summary judgment]

motion." ***EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000) (citation omitted).**

## IV.  Discussion

Defendant Patriot argues that it is entitled to summary judgment because Plaintiff Piasa's claim for negligent misrepresentation is barred by the doctrine of economic loss.  The doctrine of economic loss was set out by the Illinois Supreme Court in ***Moorman Manuf. Co. v. Nat'l Tank Co.*, 91 Ill.2d 69, 435 N.E.2d 443 (1982).**  The doctrine "bars tort recovery for purely economic losses even when plaintiff has no contract remedy." ***First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 255 Ill.App.3d 546, 557, 823 N.E.2d 168, 178 (Ill.App.Ct. 2005)(citing *Anderson Electric Inc., v. Ledbetter Erection Corp.*, 115 Ill.2d 146, 153, 503 N.E.2d 246, 249 (Ill. 1986)).**  Illinois has extended the doctrine to apply to contracts for services as well as products. ***Loman v. Freeman*, 229 Ill.2d 104, 110, 890 N.E.2d 446, 451 (Ill. 2008) (citing *Anderson*, 115 Ill.2d 146, 503 N.E.2d 246).**  Further, the doctrine has been consistently applied in the construction industry context, ***2314 Lincoln Park West Condominium Ass'n v. Mann, Gin, Ebel & Frazier, Ltd.*, 136 Ill.2d 302, 309, 555 N.E.2d 346, 349 (Ill. 1990)**, and even has been applied to situations where a formal contract between the parties does not exist. ***Oldenburg v. Hageman*, 159 Ill.App.3d 631, 644, 512 N.E.2d 718, 728 (Ill.App.Ct. 1987)**.

While the doctrine normally bars recovery in tort for purely economic

loss, in **Moorman**, the Supreme Court cited exceptions to the rule which would allow a plaintiff to recover in tort.  The three exceptions to the doctrine were:

> (1)     where the plaintiff sustained personal injury or property damage resulting from a tortious event, i.e., a sudden or dangerous occurrence;

> (2)     where the plaintiff's damages are proximately caused by a defendant's intentional false representation, i.e., fraud; and

> (3)     where the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions.

**Fireman's Fund Inc. Co. v. SEC Donohue, Inc.**, 176 Ill.2d 160, 165, 679 N.E.2d 1197, 1199-1200 (Ill. 1997) (citing *Moorman*, 91 Ill.2d at 86, 88-89, 435 N.E. 2d at 450, 452).

While Piasa does not dispute that the economic loss doctrine is applicable to its claim, Piasa argues that its claim falls within the exception to the doctrine allowing a claim where defendant is in the business of supplying information for the guidance of others in their business transactions and makes a negligent misrepresentation.   Piasa argues that its relationship with Patriot falls within this exception because Patriot was in the business of testing construction materials and reporting the results of the test which demonstrates that Patriot was in the business of supplying information for the guidance of others.

In order to state a claim under the negligent misrepresentation exception that plaintiff must show that the defendant:

(1)   is in the business of supplying information for the guidance of others in their business dealings;

(2)   provided false information; and

(3)   supplied the information for the guidance of the plaintiff's business transactions.

**Tyler v. Gibbons, 368 Ill.App.3d 126, 129, 857 N.E.2d 885, 888 (Ill.App.Ct. 2006) (citing Prime Leasing, Inc. v. Kendig, 332 Ill.App.3d 300, 311, 773 N.E.2d 84, 94 (Ill.App.Ct. 2002)).**  The inquiry into whether a defendant is in the business of suppling information is a legal conclusion that requires a "precise, case-specific inquiry." **Prime Leasing, Inc., 332 Ill.App.3d at 311-12, 773 N.E.2d at 94-95 (citations omitted); see also Rankow v. First Chicago Corp., 870 F.2d 356, 361 (7th Cir. 1989); Tolan and Son, Inc. v. KLLM Architects, Inc., 308 Ill.App.3d 18, 27, 719 N.E.2d 288, 296 (Ill.App.Ct. 1999)**.  The focus of the inquiry is on the ultimate result of the work. **Fireman's Fund Ins. Co., 176 Ill.2d at 169, 679 N.E.2d at 1201 (ultimate result of defendant's work was a tangible object, a water supply system, while the plans and drawing were merely incidental to the object)**.

The exception typically applies to those defendants which are "pure information providers", i.e., accountants, real estate brokers, stock brokers, termite inspectors. **First Midwest Bank, 355 Ill.App.3d at 557-58, 823 N.E.2d at 178-79 (citations omitted); see also Tolan, 208 Ill.App.2d at 28-29, 719 N.E.2d at 296-97 (collecting cases).**  A business that provides purely information or analytical

work for which the end product is purely ideas and information falls within the exception while work that leads to documents or products in which the ideas are incorporated do not fall within the exception.  **Id. at 558, 823 N.E.2d at 179.**  The exception does not apply when the defendant provides a product or where the "information supplied is merely ancillary to the sale [of a product or service] or in connection with the sale." **Id**.

Patriot, in arguing that the negligent misrepresentation exception does not apply, relies on the decision in **Tolan and Sons, Inc. v. KLLM Architects, Inc., 308Ill.App.3d 18, 719 N.E.2d 288 (Ill.App.Ct. 1999)**.  The Court in **Tolan** recognized that while those who supply products are on one end of the spectrum and those who supply pure information are on the other end, there exists in the middle businesses that supply both information and goods.  **Tolan, 308 Ill.App.3d at 29, 719 N.E.2d at 297-98.**  These businesses require the court to scrutinize the exact transaction involved in the case to determine which category they fall into.  **Id.**  The Court in **Tolan** found that architects who inspected buildings as construction was on-going and added their modifications into the plans produced a product and not information.  In **Tolan**, plaintiff entered into a contract with an architectural firm to prepare plans and designs for a building complex.  As the construction commenced and continued, the architects reviewed the site and made reports and recommendations on the construction which led to revised plans.  **Id. at 21-23, 719 N.E.2d at 291-293.**  When the plaintiffs later sued over what they alleged were

misrepresentations, the court found that the negligent misrepresentation exception did not apply. **Id. at 31, 719 N.E.2d at 298.** The court found that the information provided by the defendants was used to possibly modify plans of construction during an ongoing project. **Id.** The information was used to modify existing plans rather than to "evaluate..., apply their analytical expertise, and produce a report imparting information that would be used by **Tolan** in its business dealings with others." **Id**.

Here, the Court finds that Patriot's work was similar to the situation in **Tolan**. Patriot was hired to inspect the fireproofing and draft the reports given to both Murray and Piasa which were then integrated into the construction and, as a result, Piasa repaired defective work discovered by Patriot. The reports became part of the construction itself; they were not information used by Piasa in its dealings with others but were used to complete the fireproofing on the building, much like the reports in **Tolan** which were used to modify existing plans to complete the buildings. Thus, Patriot did not produce an analytical end product that stood on its own[3] but its information was incorporated into the construction of the building and the completed fireproofing. The end product was the completed fireproofing not intangible information. Thus the negligent misrepresentation exception does not

---

[3] In **Tolan**, the Court distinguished the case **Tribune Co. v. Geraghty & Miller, Inc.**, No. 97 C 1889, 1997 WL 438836 (N.D. Ill. July 25, 1997) in which an environmental consulting firm was found to have provided purely information when hired to preform environmental assessments and evaluate the property that the plaintiff was interested in purchasing. The Court in **Tolan** noted that in **Tribune**, the firm's report "was not meant to result in any tangible structure" but rather stood alone in evaluating the property. As Patriot points out, the report added nothing new to the site. However, in both **Tolan** and the instant case, the reports issued from the inspections were used to modify plans or activities during the course of construction. The reports became part of the larger construction or product.

apply and Piasa's claim under Count IV is barred by the economic loss doctrine.

**V.   Conclusion**

Accordingly, the Court **GRANTS** Patriot's Motion for Summary Judgment on Piasa Commercial Interiors' Second Amended Complaint (Doc. 110). Piasa's Count IV of its Second Amended Complaint for negligent misrepresentation is barred by the economic loss doctrine.  Further, the Court **FINDS AS MOOT** Patriot's Motion for Order to Require Mediation (Doc. 132).

**IT IS SO ORDERED.**

Signed this 22nd day of March, 2010.


/s/  David R Herndon
**Chief Judge**
**United States District Court**