IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PIASA COMMERCIAL INTERIORS, INC.,

Plaintiff,

v.

J.P. MURRAY COMPANY, INC. d/b/a
MURRAY COMPANY, et al.,

Defendants.                                                No. 07-617-DRH

ORDER

HERNDON, Chief Judge:

### I. Introduction and Background

Before the Court is Defendant J.P. Murray Company's motion to bar further reference to privilege notes and motion to strike Charles Schneider as expert witness (Doc. 102). Plaintiff Piasa Commercial Interiors, Inc. (hereinafter "Piasa") has filed a response to the motion (Docs. 105 & 106). In addition, Piasa has also filed a motion for leave to name William Pistrui as an additional expert witness (Doc. 112). Defendant J.P. Murray Company, Inc. (hereinafter "Murray") has filed a response to that motion (Doc. 113)[1] and Piasa has filed a reply (Doc. 115).

This case involves a contract between Murray and Piasa to do certain work on the Richland Memorial Hospital, including the installation of fireproofing materials. Piasa filed a Second Amended Complaint alleging that, among other

---

[1] The Court notes that Defendant Patriot Engineering and Environmental, Inc. also filed a response to Piasa's motion, adopting the arguments of Murray (See Doc. 114). However, the Court later granted summary judgment in favor of Patriot on Piasa's claims.

things, Murray breached its subcontract with Piasa. Murray has filed a counterclaim against Piasa alleging that Piasa's work on the fireproofing was defective.

During the course of the litigation, Murray, as part of its discovery requirements, produced numerous documents including a document (referred to as MC1565)including one of its former employee's notes which it now claims is privileged because it was the product of a meeting between the employee, who was employed by Murray at the time of the meeting, and Murray's counsel. Murray states that upon later learning of the error, it informed Piasa that MC1565 was privileged during the deposition of the employee. Murray later sent two written notices of its assertions to Piasa pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 26(b)(5)(B)**; the notices demanded that Piasa return all of its copies of MC1565 (Doc. 102 Exs. C & D). Instead of returning the document, Piasa referenced the document in its summary judgment briefs. Murray also alleges that Piasa gave copies of MC1565 to its expert witness Charles Schneider which he used as the basis of his opinions.

Now, Murray has filed a motion arguing that future reference to MC1565 should be barred because Piasa used the document in direct violation of **FEDERAL RULE OF CIVIL PROCEDURE 26(b)(5)(B)**. Murray also asks that the Court strike Charles Schneider as an expert witness as he relied on MC1565 in forming his opinions. Plaintiff has filed a response, arguing that the MC1565 is not privileged and any privilege that Murray had was waived by Murray. Having reviewed the

arguments and exhibits provided by the parties, the Court rules as follows.

## II. Analysis

**A.    Motion to Bar Notes and Strike Charles Schneider as Expert**

Murray's motion argues that further use of MC1565 should be barred and that Piasa's witness Charles Schneider should be stricken because Piasa gave MC1565 to Scheider for purposes of developing his opinions. Murray maintains that Piasa continued to use the document and gave the document to Schneider even after being informed by Murray pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 26(b)(5)(B)** that the document might be privileged. Piasa only contends that document is not privileged and that Murray has waived any privilege it might have had in the document.

**FEDERAL RULE OF CIVIL PROCEDURE 26(b)(5)(B)** provides that:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

The requirements in Rule 26(b)(5)(B) are straight forward. Once a party is notified that a claim of privilege is being made, the party must either return or destroy the document or the party may turn the document over to the court for determination

of the claim.

Here, Piasa blatantly disregarded the requirements of **Rule 26(b)(5)(B)**. Piasa was first informed by Murray that it asserted MC1565 was privileged at the April 17, 2008 deposition hearing of Thomas Underhill (Doc. 103 Ex. 3 at pp. 68-69, 108-109). Murray followed up that claim with two letters to Piasa, claiming that the document was privileged and demanding its return (Doc. 103 Exs. C & D). Piasa does not dispute that it did not return the documents, nor did it submit the document to this Court for review. Instead, Piasa referenced the contents of the document in its responsive briefing to a summary judgment motion (Doc. 69, Ex. 1 at p. 54). Further, Piasa gave the document to its expert, Charles Schneider, in direct opposition to the requirements of **Rule 26(b)(5)(B)**.[2]

While Piasa does not deny that it used information from MC1565 and failed to return the information or present it the Court for review, Piasa instead argues that the information was not privileged and that Murray waived any privilege. However, nothing in the rule requires that the information at issue actually be privileged in order to comply with the rule. **Rule 26(b)(5)(B)** requires that Piasa return the information or present it to the court upon a *claim* of privilege. The rule does not require an actual finding of privilege in order for compliance with its terms.

---

[2] **Rule 26(b)(5)(B)** specifically requires that the party receiving the information must not disclose the information being claimed as privileged and must retrieve the information if it was disclosed before the claim was made. Piasa does not deny that it gave the information being claimed as privileged to Charles Schneider. Murray supports its argument that Schneider received the information with a copy of Schneider's report in which he seemingly makes conclusions based on the information contained in MC1565.

The rule does not provide for the non-asserting party to make the determination on its own. If it disputes the assertion of the privilege and the erroneous disclosure, it can invoke the decision making authority of the court, but cannot divine justice on its own. Here, Piasa clearly failed to comply with the provisions of **Rule 26(b)(5)(B)**, despite numerous notifications of the claim by Murray.

As Piasa blatantly disregarded the requirements of Rule 26(b)(5)(B), the Court finds that barring further use of the document to be an appropriate remedy. The provisions of **Rule 26(b)(5)(B)** are simple and straight forward. The Court will not tolerate a blatant refusal to comply with the rule. Therefore, the Court will **GRANT** Murray's motion (Doc. 106) and **BAR** further reference to the information provided in MC1565.

Murray has also requested that the Court sanction Piasa and strike its expert witness Charles Schneider as his testimony has been tainted by the use of MC1565. The Court has inherent power to impose sanctions for bad-faith conduct. ***Methode Electronics, Inc. v. Adam Technologies, Inc.*, 371 F.3d 923, 927 (7th Cir. 2004)(citing *Chambers v. NACO, Inc.*, 501 U.S. 32, 49, 111 S.Ct. 2123 (1991))**. As Murray points out, it is clear that Charles Schneider's opinion has been affected by the improper review of MC1565. Mr Schneider's report touches on the credibility of Murray's expert Charles Campisi, noting that Murray might have pressured Campisi to change his report. While Schneider's statements regarding Campisi's motives and credibility are not even proper subject matter for an expert

witness, *see United States v. Vest*, **116 F.3d 1179, 1185 (7th Cir. 1997)**, Schneider's reference to "pressures" from Murray are clearly a product of the information contained in MC1565.  As Piasa has improperly disseminated the document to its expert witness which could possibly prejudice Mr. Schneider's opinions regarding the fireproofing, the Court will also **STRIKE** Charles Schneider as an expert witness.

**B.    Motion to Name Additional Expert Witness**

Piasa has also separately filed a motion for leave to name William Pistrui as an additional expert witness (Doc. 112).  Plaintiff requests that the Court allow Piasa to name an additional expert witness to examine the fireproofing and testify on the design of the structure and its suitability for the application of the fireproofing.  Plaintiff notes that if it is allowed to name Pistrui as an expert witness that his expert report will be provided to the parties no later than five (5) days after the order is entered and Pistrui will also be made immediately available for deposition.  Piasa also notes that naming Pistrui will not affect any pending motions and will not delay trial as the trial date has not yet been set in this case.   Defendant Murray has filed a response, arguing that Piasa has already retained an expert witness to testify as to causation and that Piasa has no cause for failing to timely designate Pistrui as an expert.  However, in light of the fact that Piasa's original expert witness was stricken by the Court, the Court finds good cause to allow Piasa to name William Pistrui as an additional expert witness.  Accordingly, the Court **GRANTS** Piasa's motion to

name Willam Pistrui as an additional expert witness.

### III. Conclusion

Therefore, the Court **GRANTS** Defendant Murray's motion to bar further reference to privilege notes and motion to strike Charles Schneider as expert witness (Doc. 102). Charles Schneider is **STRICKEN** as an expert witness and Piasa is **BARRED** from further reference to MC1565. Further, the Court **GRANTS** Plaintiff's motion to name William Pistrui as an additional expert witness.

**IT IS SO ORDERED.**

Signed this 23rd day of March, 2010.

/s/  David R Herndon

**Chief Judge**
**United States District Court**