IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PIASA COMMERCIAL INTERIORS, INC.,**

**Plaintiff,**

**v.**

**J.P. MURRAY COMPANY, INC. d/b/a MURRAY COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and PATRIOT ENGINEERING AND ENVIRONMENTAL, INC.,**

**Defendants.**              No. 07-617-DRH

### ORDER

**HERNDON, Chief Judge:**

On March 22, 2010, the Court entered an Order granting Defendant Patriot Engineering and Environmental, Inc.'s ("Patriot") motion for summary judgment (Doc. 136). Specifically, the Court found that Plaintiff's claims for negligent misrepresentation were barred by the economic loss doctrine. However, the Court did not include a finding pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 54(b)** that there was no reason to delay enforcement of the dismissal.

Now before the Court is Defendant Patriot's Request to Direct Entry of Final Judgment (Doc. 170). Defendant Patriot requests that the Court direct an entry of final judgment pursuant to **FED.R.CIV.P. 54(b)** because there is no just reason to delay an entry of final judgment. Plaintiff has filed a response arguing that judgment should be delayed because its claims against Patriot are contingent upon

an adverse finding against Plaintiff on Defendant J.P. Murray Company's counterclaim, issues which will not be resolved until trial. Plaintiff argues that an appeal might be determined moot depending on how issues at trial are decided.

**Rule 54(b)** permits a district court, in a case involving multiple claims or parties, to "direct entry of a final judgment as to one or more, but fewer than all, [of the] claims or parties only if the court expressly determines that there is no just reason for delay." Whether to enter final judgment under Rule 54(b) is left within the sound discretion of the district court. ***See U.S. v. Ettrick Woods Prods, Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990); *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 1465 (1980)**. However, Rule 54(b) should not be used to accommodate a lawyer who wants to appeal, but rather should be carefully considered as the Rule departs from the normal course of litigation. ***Ettrick Woods Prods., Inc.*, 916 F.2d at 1218**. The Court must determine if an immediate appeal is appropriate. ***Id.*** In deciding whether entering a final judgment under Rule 54(b) is appropriate, the claim at issue must be separate from the remaining claims in the litigation, "separate not in the sense of arising under a different statute or legal doctrine...but in the sense of involving different facts." ***Ty, Inc. v. Publications Intern. Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002) (collecting cases);** *see also* ***Layers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997)(the test for determining whether a claim is separate from remaining claims is whether the claim at issue is so overlapped with the remaining claims**

**that if the remaining claims go on appeal at the end of matter, the appellate court would be reviewing the same material as with the claim at issue).**

While Defendant Patriot argues that the claims at issue in the summary judgment were legally different than those claims remaining before the Court, the Court finds that the claims are factually similar as they are inextricably intertwined with the claims regarding the sufficiency of the fireproofing and excessive roof traffic issues that are still pending before the Court. Further, as Plaintiff points out, its claims against Patriot are contingent upon the outcome of claims currently before the Court. If Plaintiff is found to have installed sufficient fireproofing material and their work is not determined to be deficient, than an appeal on Patriot's summary judgment would be rendered moot as the claim of negligent misrepresentation only arises if Plaintiff's work is determined to be deficient.

Plaintiff's argument is similar to arguments presented in contribution and indemnity cases which are appealable only when the underlying case has been decided as the claims could be rendered "academic" based on the outcome at trial. ***See Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004) (Issues of contribution and indemnification are usually only reviewed at the end of trial because a determination on the underlying claim might render an appeal unnecessary)**. Similarly, if Plaintiff is not found liable on Defendant J.P. Murray's counterclaim for deficient fireproofing, an appeal on whether Defendant Patriot can be held liable for negligently representing that Plaintiff's work was

sufficient would be purely "academic." Thus, the Court finds that an appeal in this case is not truly necessary, but is actually best left till the end of the case when a determination as to whether an appeal is necessary can be adequately decided by the parties. ***See Ettrick Wood Products, Inc.*, 916 F.2d at 1218 (normal course of litigation allows for an appeal at the end of the case and process should not disrupted unless the district court determines that an immediate appeal is appropriate)**. Requiring Plaintiff to appeal the Court's decision on the issue of negligent misrepresentation would also result in piecemeal litigation which is disfavored. ***Curtiss-Wright Corp.*, 446 U.S. at 8, 100 S.Ct. at 1465.**

Accordingly, the Court **DENIES** Defendant Patriot's Request to Direct Entry of Final Judgment (Doc. 170) pursuant to **FED.R.CIV.P. 54(b)**.

**IT IS SO ORDERED.**

Signed this 24th day of August, 2010.

/s/  *David R Herndon*
**Chief Judge**
**United States District Court**