**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**PIASA COMMERCIAL INTERIORS, INC.,**

**Plaintiff,**

**v.**

**J.P. MURRAY COMPANY, INC. d/b/a**
**MURRAY COMPANY, et al.,**

**Defendant.**                                    **No. 07-617-DRH**


**<u>ORDER</u>**

**HERNDON, Chief Judge:**

**I.   <u>Introduction and Background</u>**

Now before the Court is Defendant J.P. Murray Company, Inc.'s, d/b/a

Murray Company ("Murray Company"), Motion Pursuant to **Fed.R.Evid. 702** to

Exclude/Limit Testimony of William Mr. Pistrui (Doc. 146).  Specifically, Defendant

Murray Company seeks to limit certain testimony of Plaintiff's expert witness Mr.

Pistrui because he either lacks the requisite knowledge to substantiate his opinions

or his opinions are not helpful.  Defendant seeks to exclude Mr. Pistrui's opinions

on three subjects:

> a) regarding what the manufacturer's recommendations for Blaze Shield
> II fireproofing state regarding roof traffic or its effect on the
> fireproofing's bond, and whether Murray Company failed to follow the
> manufacturer's recommendations in allowing roof traffic before the
> fireproofing material cured or after;
>
> b) regarding whether "good construction practices" prohibit roof traffic
> during or after application of Blaze Shield II and whether Murray
> Company failed to follow "good construction practices" in allowing roof

traffic before the material cured or after; and

c) regarding whether Mr. Pistrui believes roof traffic/deck deflection or application problems cause the fireproofing failures at issue.

Plaintiff has filed a response to the motion (Doc. 160).  Specifically, Plaintiff argues that Mr. Pistrui does have the necessary knowledge, experience, and information to substantiate his opinions.  Defendant J.P. Murray has filed a reply (Doc. 164).  Based on the following, the Court **DENIES** Defendant J.P. Murray's motion to exclude/limit the testimony of Mr. Pistrui (Doc. 146).

## II.   Analysis

Defendant raises its objections to Mr. Pistrui's findings under FEDERAL RULE OF EVIDENCE 702.  FED.R.EVID. 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or date, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

A Court may admit expert evidence if the witness is both qualified and the testimony would be helpful to the jury.  ***See United States v. Winbush*, 580 F.3d 503, 310 (7th Cir. 2009)**.  In making this determination district courts rely on a "three-step analysis:  the witness must be qualified 'as an expert by knowledge, skill, experience, training, or education,' FED.R.EVID. 702; the expert's reasoning or methodology underlying the testimony must be scientifically reliable, [***Daubert v. Merell Dow***

*Pharms., Inc.*, 509 U.S. 579, 592, 93, 113 S.Ct. 2786, 125 L.Ed.2d 469 **(1993)**;][1] and the testimony must assist the trier of fact to understand the evidence or to determine a fact in issue. *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007).

## A.  Manufacturer's Recommendations

The first opinion of Mr. Pistrui which Defendant seeks to exclude is Mr. Pistrui's opinion regarding the contents of Isolatek's recommendations regarding roof traffics and whether Defendant J.P. Murray followed those recommendations. Defendant argues that the opinions should be excluded because the information will not assist the jury as it comes from the installation manual which the jury can read.

Here, as Plaintiff argues, Mr. Pistrui merely discusses the manufacturer's requirements in order to better explain his opinion that J.P. Murray violated those requirements. Therefore, the Court finds that it is proper for Mr. Pistrui to discuss the requirements of the manufacturer's manual even if the jury could read the manual on its own.

While Defendant J.P. Murray further tries to support its position that Mr. Pistrui's discussion regarding the fireproofing requirements should be excluded by citing to *Gallegos v. Louisville Ladder Group*, LLC, No. 03-cv-01683-EWN-

---

[1] The Daubert test requires that in judging expert testimony the court should follow the following guideposts: "(1) whether the scientific theory can be or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether the theory has been generally accepted in the scientific community." *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007) **(citing *Daubert*, 509 U.S. at 593-94)**.

PAC, 2006 U.S.Dist. LEXIS 13351, *11-12 (D.Colo. March 14, 2006), the Court notes that this case is district court case from Colorado.  The decision of a district court outside of the Seventh Circuit is not binding on this Court, nor does the Court find its decision persuasive in this case.  Accordingly, the Court **DENIES** Defendant J.P. Murray's motion to exclude Mr. Pistrui's testimony regarding the manufacturer's requirements as stated in the product's manual.

**B.    Knowledge of Good Construction Practices and Roof Traffic Impact**

Defendant J.P. Murray next seeks to exclude testimony of Mr. Pistrui regarding his knowledge of good construction practices and whether Defendant followed those practices, as well as his opinions regarding the impact of roof traffic on the fireproofing.  Defendant J.P. Murray argues that Mr. Pistrui is not qualified as an expert because he does not have experience or knowledge regarding roof traffic.  Defendant J.P. Murray argues that Mr. Pistrui has never applied fireproofing nor has he ever worked on a project involving spray-on fireproofing.

However, **Rule 702** does not require that a witness be an expert in the particular field in which he is testifying, but rather the court requires that his "qualifications provide a foundation for [him] to answer a specific question." ***See Gayton v. McCoy*, 593 F.3d 610, 617 (7th Cir. 2010) (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994)(quotations omitted)).**  Further, the Court has wide discretion in determining whether expert testimony can be admitted. ***Ervin*, 492 F.3d at 904.**  Here, Mr. Pistrui is a licensed architect who has practiced

architecture and construction management in numerous states for over fifty years. Although he has not dealt specifically with spray-on fireproofing, he has vast experience in all manners of construction materials and has worked with other spray-on materials.  Given his lengthy history in the field of construction and his experience with numerous construction materials, the Court finds that Mr. Pistrui is qualified as in expert and is able to adequately testify and give his opinion about the effects of roof traffic on the fireproofing and whether Defendant followed good construction practices by allowing roof traffic when the manufacturer's instructions prohibited roof traffic.

Defendant J.P. Murray further argues that Mr. Pistrui should not be allowed to testify regarding the roof traffic and J.P. Murray's construction practices because he has not based his opinions on sufficient facts or data.  J.P. Murray argues that Mr. Pistrui has performed little investigation in the fireproofing at the site at issue.  While Mr. Pistrui might not have investigated the actual fireproofing on the building himself, his review of the testimony, the manufacturer's manual, and his experience in construction could provide enough information on which to base his opinions.  Therefore, the Court **DENIES** Defendant J.P. Murray's motion to exclude Mr. Pistrui's opinions as to whether Defendant followed good construction practices and whether the roof traffic caused fireproofing failures.

### III.   <u>Conclusion</u>

Accordingly, the Court **DENIES** Defendant J.P. Murray's Motion

Pursuant to **FED.R.EVID.** 702 to Exclude/Limit Testimony of William M. Pistrui (Doc. 146) in its entirety.

**IT IS SO ORDERED.**

Signed this 31st day of August, 2010.


/s/    David R Herndon

**Chief Judge**
**United States District Court**