**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**PIASA COMMERCIAL INTERIORS, INC.,**

**Plaintiff,**

**v.**

**J.P. MURRAY COMPANY, INC. d/b/a
MURRAY COMPANY, et al.,**

**Defendant.**                                    **No.07-617-DRH**


**<u>ORDER</u>**

**HERNDON, Chief Judge:**

       Before the Court is Defendant J.P. Murray Company, Inc.'s ("J.P. Murray") Motion for Leave to Allow Depositions of Certain Patriot Employees to Preserve Testimony for Trial and to Designate Patriot Employees as Expert Witnesses for Limited Issue (Doc. 179).  Specifically, J.P. Murray seeks leave to depose Patriot employees Jim Sherer, Brian Crase, David Papineau, and Jason Craig regarding Patriot's reports on the tests performed on the fireproofing.  Plaintiff has filed a Response in opposition to the motion (Doc. 180).  Defendant has filed a Reply (Doc. 181).

       Defendant J.P. Murray argues that it has become necessary to take these additional depositions in order to resolve some of the objections on its key exhibit, the Patriot Reports.  Defendant points out that at the Final Pre-Trial Conference, Plaintiff raised objections of hearsay and foundational issues in regards to the Reports and that the parties agreed to work towards resolving those objections.

However, Defendant has been unable to confer with Plaintiff and Plaintiff has failed to return Defendant's phone calls and emails.  Due to Plaintiff's refusal to cooperate with Defendant, J.P. Murray feels that it is necessary to conduct these depositions in order to resolve the objections towards the tests performed and the results of those tests.

While Defendant acknowledges that the depositions are past the discovery deadline, Defendant argues that it believed Plaintiff would not object to the admissions of the Reports nor would Patriot refuse to participate in trial proceedings, both of which have proven untrue as Plaintiff objects to the Report and Patriot has  now been dismissed from the litigation and has informed Defendant that it will not provide its employees for trial testimony, leaving a deposition as the only tool with which to preserve the employees' testimony.  Further, Defendant requests, in the alternative, that it be allowed to designate the witnesses as non-retained expert witnesses if necessary to present the testimony.

Plaintiff opposes Defendant's motion.  Plaintiff argues that it will be prejudiced if the four employees are designated as witnesses and allowed to testify as to the Patriot reports as Piasa did not have the benefit of the testimony when responding to motions and preparing the Final Pretrial Order.  Piasa further argues that the broom test does not meet *Daubert* standards and should not be allowed.

However, the Court finds that the depositions should be allowed.  As Piasa has refused to discuss and attempt to resolve their objections with Defendant regarding the Patriot Reports, the Court agrees that Defendant will need testimony

to provide a foundation for the Patriot Reports and to satisfy the objections raised by Plaintiff.  As Defendant points out, and Plaintiff has failed to deny, the only way to obtain that testimony is through deposing the witnesses.   While Plaintiff argues that it will be prejudiced by the deposition testimony, Plaintiff knew about the proposed introduction of the Patriot Reports for a substantial amount of time and even deposed three of the witnesses Defendant now seeks to introduce.  Further, the depositions and designation of the four witnesses were only deemed necessary once Defendant realized that Plaintiff objected to the Reports and Patriot would not willingly allow its employees to testify at trial  Therefore, the Court finds that Piasa will not be prejudiced by allowing Defendant leave to depose its proposed witnesses. Accordingly, the Court will allow Defendant leave to obtain the depositions of Patriot's employees in regards to the broom testing performed by Patriot.   The Court **GRANTS** Defendant's motion for leave to obtain depositions (Doc. 179).

The Court further notes that Piasa previously raised its argument regarding whether the Patriot Reports met the *Daubert* standards in its Responses to Defendant's Second and Fourth Motions *in Limine* but this Court ruled against Piasa's argument.  The Court found that the broom testing did meet the *Daubert* standards and was allowed.  Now, Piasa again argues that the evidence does not meet the *Daubert* standard in direct contrary to the Court's previous order.  Here, Plaintiff is attempting to thwart an Order of the Court and thereby risks being held in contempt of Court.   The Court had previously found that the broom test was allowable yet Plaintiff continues to argue that it is not allowed.

Further, the Court instructed the parties at the Final Pre-Trial Conference to work together towards resolving the issues with the Patriot Reports. The parties, at that time, agreed to confer with each other regarding the objections and to seek to resolve those objections. Further, the parties agreed to resolve any final depositions that were needed before trial. However, since that time, Plaintiff has utterly failed to participate in any discussions regarding the Patriot Reports or further depositions. Plaintiff's counsel has been unaccommodating in calendaring conferences with Defendants and failed to return Defendant's phone calls and emails. Plaintiff and its counsel has shown a total lack of cooperation in resolving the issues regarding the Reports and possible further depositions, even after its counsel assured the Court at the Final Pre-Trial Conference that Plaintiff would cooperate with Defendants. Plaintiff counsel's obstinance boarders on violating the Standards of Professional Conduct within the Seventh Federal Judicial Circuit's rule on civility.[1]

The Court will not tolerate such a lack of cooperation in the face of the Court's instructions. The Court instructs Plaintiff and its attorney to coordinate with Defendant on any further issues that might arise. Any future failure to reasonably cooperate with Defendants will find Plaintiff and counsel in contempt of Court. Counsel for Plaintiff is directed to provide a copy of this order to his client so that the client is quite clear that it may not direct its counsel to violate a court order or

---

[1] The Preamble to the Seventh Circuit's Professional Standards requires that "[a] lawyers conduct should be characterized at all times by personal courtesy and professional integrity in the fullest sense of those terms." Further, under the Lawyer's Duties to Other Counsel, a lawyer is to "treat all other counsel witnesses in a civil and courteous manner, not only in court, but also in all other written and oral communications."

act in derogation of a court order without facing the strong possibility of being found in contempt of court.

**IT IS SO ORDERED.**

Signed this 5th day of October, 2010.


/s/     David R Herndon

**Chief Judge**
**United States District Court**