IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**PIASA COMMERCIAL INTERIORS, INC.,**

**Plaintiff,**

**v.**

**J.P. MURRAY COMPANY, INC. d/b/a
MURRAY COMPANY, et al.,**

**Defendants.**                                                              **No. 07-617-DRH**


<u>**ORDER**</u>


**HERNDON, Chief Judge:**

      Before the Court is Plaintiff's Motion to Leave to Add Additional Trial Exhibits (Doc. 183).  Specifically, Plaintiff requests the addition of nine exhibits to their trial exhibits list as Plaintiff believes that the exhibits are relevant to the fireproofing tests performed by Patriot Engineering.  Plaintiff further argues that the exhibits were originally provided in discovery and that Defendants will not be able to establish a foundation for Patriot's tests without the exhibits.  Plaintiff subsequently filed a Supplement to Plaintiff's Motion for Leave to Add Additional Trial Exhibits (Doc. 184) in which it seeks to add an additional page of the 1996

BOCA building code and an Application for a Building Permit including the approval of the application and an affidavit related to the permit.

In response to the Motion (Doc. 183) and Supplement (Doc. 184), Defendant J.P. Murray Company filed a Response to Plaintiff's Motion for Leave to Add Additional Trial Exhibits and Motion *in Limine* to Exclude Evidence Regarding Failure to Discover Defects and Evidence Regarding Failure to Comply with BOCA Code During Inspections (Doc. 187). In its Response, Defendant argues that Piasa should not be allowed to add exhibits to its trial list because it failed to include them in the Final Pretrial Order and disregarded its responsibilities in cooperating with Defendants in preparing said Order. Further, Defendant argues that the exhibits are not relevant to this case as the failure to discover defects is irrelevant. In addition to its Response, Defendants sought an Order *in limine* barring Piasa from presenting evidence or argument that Piasa should be absolved of some or all of its liability because Murray Company failed to discovery the defects during construction and barring Piasa from presenting any evidence or argument that Murray Company or Patriot were required to comply with the BOCA code during their fireproofing inspections.

Plaintiff filed a Reply in response to Defendant's opposition memorandum (Doc. 188). Plaintiff claimed that the exhibits were discussed extensively in an additional deposition allowed by this Court. Plaintiff also argued that it did faithfully participate in the development of the Final Pretrial Order and that J.P. Murray's performance during the pre-trial phase was less than perfect.

Plaintiff also filed a Motion to Strike, and Alternatively for Additional Time to Respond to J.P. Murray Company's (Late) Motion *in Limine* (Doc. 189). In it, Plaintiff argued that the Motion in Limine was untimely under the Final Pretrial Order.

**A.    Motion to Strike**

Plaintiff, in addition to its motion to supplement, has filed a motion to strike that part of Defendant's Response which Defendant has labeled as a motion *in limine*. In Defendant's Response, Defendant requests that the Court issue an Order *in limine* barring Plaintiff from producing evidence or arguments at trial regarding BOCA requirements and whether Plaintiff's liability should be resolved due to Defendant's failure to discover the defects in the fireproofing during construction. In Response to that request, Plaintiff argues that Defendant's motion *in limine* should be stricken as untimely. Specifically, Plaintiff argues that Defendant filed an untimely motion under the terms of the Final Pretrial Order and failed to seek leave from the Court in filing a late motion. Plaintiff argues that the Final Pretrial Order (Doc. 162) required that Motions *in Limine* be filed no later than twenty days before the Final Pretrial Conference.

However, the Court finds that Plaintiff has misinterpreted the Final Pretrial Order. While the relevant section of the Final Pretrial Order does require that motions *in limine* shall be filed no later than twenty days before the Final Pretrial Conference, the section goes on to state that "[d]ue to the nature of motions

in limine, failure to file said motions by this deadline generally will not prejudice a party's ability to move in limine prior to the jury's impanelment. Later-filed motions, however, may be stricken if their consideration would delay the timely start of the trial." (See Doc. 162 at XI(E)). The Order does not specifically prohibit motions *in limine* being filed after the deadline nor does it require that leave be sought by a party seeking to file a motion after the twenty day time limit. Further, as the trial has been moved from its November trial setting and is now scheduled for April 18, 2011, the Court finds that consideration of Defendant's motion *in limine* would not delay the timely start of this trial. Therefore, the Court will consider Defendant's motion *in limine* as timely and accordingly **DENIES** Plaintiff's motion to strike (Doc. 189). The Court further **DENIES** Plaintiff additional time to respond to the motion. As the Final Pretrial Order clearly allows for a motion *in limine* to be filed at this time, Plaintiff had ample time to file a timely response.

**B.     Motion to Supplement Trial Exhibits**

As to Plaintiff's Motion for Leave to Add Additional Trial Exhibits (Doc. 183), Plaintiff seeks to add several exhibits which it alleges are relevant to the testing of the fireproofing performed by Patriot Engineering. Plaintiff argues that Defendant J.P. Murray will be unable to establish a foundation for the tests and reports without the trial exhibits. Plaintiff claims that it inadvertently failed to include the additional exhibits, but that some of the proposed exhibits were used heavily in the subsequent depositions that Defendant was allowed to pursue. The Court also notes that Plaintiff

has withdrawn its request to add Exhibit 144.

However, the Court finds that Plaintiff is once again ignoring the rules set forth by this Court. Plaintiff neglected to file its exhibits with the Final Pre-Trial Order as instructed by this Court. ***See* LOCAL RULE 16.2(b)**. In the Final Pre-Trial Order, the parties were to list and include ***all*** exhibits. Plaintiff apparently failed to include all of exhibits, even though it was given ample time to do so.

There was a discussion of the matter of cooperation and pretrial order preparation at the final pretrial conference and the Court finds the Defendant's position to be the creditable one. Plaintiff failed to adhere to this Court's expectation of "faithful adherence to the rule requiring cooperation between the parties for completion of the Final Pretrial Order." As explained by the Defendant, Plaintiff "blatantly disregarded" its duty to cooperate with Defendant in preparing the Order. Plaintiff deliberately ignored Defendant even after Defendant contacted Plaintiff on several occasions in order to discuss drafting the Order. Defendant emailed Plaintiff on at least two occasions and received no response; after Defendant's third email request Plaintiff responded, however, Plaintiff failed to complete much of the requirements for the Order. While Plaintiff tries to point the finger at Defendant, arguing that Defendant was the one who was less than helpful in the pretrial phase and that Plaintiff did expend effort in preparing the Order, the Court is not easily swayed by Plaintiff's arguments given its past lack of civility throughout the course of this case. This Court has already admonished Plaintiff once before for being unaccommodating with schedules, refusing to resolve issues with Defendants, and

failing to return Defendant's correspondence.  This Court finds it hard to believe Plaintiff's argument that it did cooperate and put effort into *jointly* preparing the Order when it has committed this same lack of cooperation in the past.

As Defendant has pointed out, Plaintiff's lack of cooperation and failure to adequately prepare the Final Pretrial Order shows a lack of attention and participation in drafting their proposed exhibit list in the Order.  Although Plaintiff argues that its failure to include the exhibits it is seeking to add to its trial list was due to a mere inadvertence on its part, Plaintiff should have expended more effort in preparing the Order rather than spending its time obstructing the process.  As Plaintiff has provided no other legitimate explanation for failing to include the exhibits in its Final Pretrial Order, the Court **DENIES** its request to now supplement its exhibit list with these additional exhibits.  The Court does note that if Plaintiff intends to use these exhibits for attacking the credibility of Patriot's tests, those impeaching exhibits need not be included on the exhibit list.  **FED.R.CIV.P. 26(a)(3)(A)**.

Further, even if Plaintiff had a legitimate reason for failing to include these items on its original list, the Court still would deny Plaintiff's motion as the Court finds that the exhibits are not relevant to this case.  As Defendant points out in its Response, if Plaintiff intends to use the exhibits to establish an affirmative defense that it should not be entirely liable because Defendant failed to properly test the fireproofing during construction, then its request would be denied as Plaintiff

failed to raise such a defense in its responsive pleading to Defendant's counterclaim and Plaintiff has not established that the Subcontract required such testing by Defendant. Accordingly, the motion is **DENIED**.

## C.     Motion *in Limine*

In its responsive pleading, Defendant also seeks an Order *in limine* barring Plaintiff from arguing to the jury or producing evidence that its liability should be reduced because Defendant failed to discover the defect to the fireproofing during construction and that Defendant or Patriot was required to comply with the BOCA code during its inspection of the fireproofing. Defendant argues that the BOCA codes are not relevant to this case as Defendant was not required to follow BOCA codes requiring special inspections of the fireproofing and even if the contract called for special inspections, it was the job of the owner, not Defendant, to perform such tests. *See* **FED.R.EVID. 402 ("Evidence which is not relevant is not admissible.")**. Further, Defendant argues that the evidence would only confuse the jury. ***See* FED.R.EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...").** Defendant also argues that there is no evidence that the Subcontract required Defendant to test the fireproofing during construction.

The Court agrees with Defendant. None of the provisions Plaintiff points to in its motion require Defendant to perform tests on the fireproofing during

construction or to find Plaintiff's alleged errors in the fireproofing. Presenting evidence that Defendant failed to catch any errors in the fireproofing is irrelevant to this case and thus excluded under **FED.R.EVID. 402.**

Further, the Court finds that the BOCA code is not relevant to the fireproofing at issue in this case. The BOCA code does require special inspections but not for "work of a minor nature or where warranted by conditions in the jurisdiction" and the City of Olney has authority to interpret and implement BOCA (*See* Doc. 183 Ex. D § 1705.1; See also Doc. 187 Ex. I § 105.6). Plaintiff has failed to point to any evidence that the BOCA code requires "special inspections" for fireproofing. Further, as Defendant has pointed out, under the terms of the contract, it was not required to perform tests under BOCA. Those Special Inspections were specifically exempted from Defendant's requirements under the Project Specifications (Doc. 183 Ex. C at § 1.2(B) ("Testing and inspections are to be arranged and paid for by the Contractor except for Special Inspections and Testing that are separately required by the 1996 BOCA Building Code's section 1705")). There is no evidence that Defendant was required to perform tests under BOCA, and Patriot's Vice-President Jim Sherer even stated that his company was not required to meet BOCA requirements in its testing. (Doc. 187 Ex. J at 23 & 29). Accordingly, Plaintiff has failed to show that Defendant was required to abide by the BOCA code and thus evidence that it failed to meet BOCA standards is irrelevant to this case. Thus, the Court **GRANTS** Defendant's motion *in limine* to bar evidence related to its failure to comply with BOCA requirements and failure to discover errors in the fireproofing.

Accordingly, the Court **DENIES** Plaintiff's Motion to Add Additional Trial Exhibits (Doc. 183) and Motion to Strike (Doc. 189). Further, the Court **GRANTS** Defendant's motion *in limine* contained in its Response (Doc. 187).

**IT IS SO ORDERED.**

Signed this 9th day of November, 2010.

David R. Herndon
2010.11.09
15:41:15 -06'00'

**Chief Judge**
**United States District Court**